```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**HOMER A. JONES,**

                Petitioner,

        v.                          CASE NO.  08-3050-SAC

**STATE OF KANSAS,**

                Respondent.

### O R D E R

    This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed and the filing fee paid by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas.  Mr. Jones is currently serving a sentence of 176 months imposed on July 12, 2002, in the District Court of Sedgwick County, Wichita, Kansas upon a jury verdict of guilty of rape.  Petitioner seeks to challenge his conviction.

    Petitioner appealed his conviction to the Kansas Court of Appeals, which affirmed on October 17, 2003.  A Petition for Review was denied by the Kansas Supreme Court on December 23, 2003.  On December 7, 2004, petitioner filed a post-conviction motion pursuant to K.S.A. § 60-1507 in the Sedgwick County District Court alleging ineffective assistance of defense counsel, which was denied after a hearing.  He appealed to the KCOA asserting counsel appointed in the 1507 proceedings was ineffective and the district court erred in not considering his 1507 petition on the merits.  The KCOA affirmed on March 23, 2007.  A Petition for Review was denied by the Kansas Supreme Court on September 27, 2007.

    As ground one for his federal Petition Mr. Jones claims DNA evidence was incomplete, and there was no physical evidence to show

he committed the crime.  As ground two, petitioner claims his defense attorney failed to call any witnesses on his behalf to refute eye witnesses for State, and the State improperly commented during closing upon his decision not to testify.  As ground three, petitioner claims "under the Winship decision" state commented on his right not to testify, and DNA other than his found on the victim 2-3 days after the crime, showed reasonable doubt he committed the crime.  As ground four, petitioner claims his defense attorney failed to call any witnesses to dispute DNA and State witnesses.

Petitioner alleges he has exhausted all state remedies on these claims.  He was represented by different appointed counsel  on direct appeal than during his criminal trial and different counsel during his 1507 proceedings.

**STATUTE OF LIMITATIONS**

As a threshold matter, petitioner must show that his Petition was filed within the statute of limitations for filing a federal habeas corpus petition, or that he is entitled to tolling of the limitations period.  The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1) as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

2

pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations, Mr. Jones conviction became "final" on March 23, 2004, which was ninety days after the Petition for Review was denied in his direct appeal. The statute of limitations in his case thus began running on March 23, 2004, and ran until he filed his 1507 action on December 7, 2004. The filing of the 1507 action tolled the limitations period after 258 days had expired. The tolling continued until the Petition for Review was denied in connection with Mr. Jones' 1507 proceedings on September 27, 2007. The statute of limitations then began running again with 107 days remaining, and ran until it expired around January 13, 2008. Mr. Jones executed his federal habeas corpus petition on February 6, 2008, which was over 3 weeks late. It appears from the foregoing facts, that Mr. Jones' federal habeas corpus petition was not timely filed, unless he can show he is entitled to either additional statutory tolling or equitable tolling.

Equitable tolling of the limitations period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Mr. Jones did not respond to the statute of limitations question on his form Petition. He will be given time to allege facts demonstrating he is

entitled to either statutory or equitable tolling[1] and to show cause why this action should not be dismissed as time barred.  If he does not present such facts within the time provided, this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred.

**IT IS SO ORDERED**.

Dated this 20th day of February, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[1] Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808, *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000).  To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll.  Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220.  The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).
Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling.  See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001).  Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner.  Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.  Nor do complaints about post-conviction counsel entitle a petitioner to equitable tolling.