```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**HOMER A. JONES,**

              Petitioner,

      v.                        CASE NO.  08-3050-SAC

**STATE OF KANSAS,**

              Respondent.

### O R D E R

Upon its initial screening of this petition for writ of habeas corpus, 28 U.S.C. § 2254, this court entered an Order requiring petitioner to show cause why this action should not be dismissed as time-barred.  Petitioner filed a Response (Doc. 3).  Having considered all materials in the file, the court makes the following findings and Order.

### FACTUAL BACKGROUND

On July 12, 2002, in the District Court of Sedgwick County, Kansas, Mr. Jones was sentenced to 176 months in prison upon a jury verdict of guilty of rape.  He appealed his conviction to the Kansas Court of Appeals (KCOA), which affirmed.  A Petition for Review was denied by the Kansas Supreme Court on December 23, 2003.

On December 7, 2004, petitioner filed a post-conviction motion pursuant to K.S.A. § 60-1507 in the Sedgwick County district court alleging ineffective assistance of defense counsel, which was denied after a hearing.  He appealed to the KCOA, which affirmed.  A Petition for Review was denied by the Kansas Supreme Court on September 27, 2007.  Mr. Jones executed this federal habeas corpus Petition on February 6, 2008.

**STATUTE OF LIMITATIONS**

As petitioner was previously informed, the statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), and pertinently provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id. A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Based upon the facts set forth herein, which have not been refuted by Mr. Jones in his Response, the court finds his conviction became "final," as that term is used in 28 U.S.C. § 2244(d)(1), on March 23, 2004[1]. It follows that the statute of limitations in this case began to run on March 23, 2004. It ran unimpeded until petitioner filed his 1507 motion on December 7, 2004, which tolled the running of the limitations period. At that point, 259 days of the one-year limit had expired. The limitations period continued to be tolled while petitioner's 1507 proceedings were pending, which was until the Kansas Supreme Court denied review on September 27, 2007. The limitations period recommenced on September 28, 2007, with 106 days remaining. It then ran until it expired on January

---

[1] This is ninety days after the Petition for Review was denied on direct criminal appeal. It is tolled because it is the time in which petitioner could have filed a Petition for Writ of Certiorari in the United States Supreme Court.

2

12, 2008. Petitioner did not file the instant Petition before the statute of limitations expired, and instead executed it 25 days later on February 6, 2008.

In response to the court's tentative finding in its screening order that this federal Petition was not timely filed, petitioner does not allege facts indicating he is entitled to any additional statutory tolling. As he was advised, he was therefore required to allege facts demonstrating his entitlement to equitable tolling.

In his Response, petitioner alleges he was "unaware" he was out of time to file his 2254 Petition, and is now aware it was late. He further alleges the following to explain why his Petition was late. On December 18, (2007) he was "transferred to LCMHF and within 3 days (he) was placed in Admin-segregation pending (his) D.R. hearing." He was found guilty and "received 25 days hole time, including the 7 days in Admin-seg." He was "released from seg, but still housed in the seg unit." "LCMHF has a policy stating no inmate may have any paperwork that contains staples or any metal." He was not transferred back to ECF until Jan 24, 2008. He "filled out the paperwork and was turning" it in to be mailed, when his unit team told him not to turn it in until he "had the money to mail the legal work." He alleges his unit team told him it would take an additional week if not longer to be processed, "so (he) waited until (he) had money available," and mailed it from LCF on February 8, 2008. He asks the court to grant him an extension.

In the court's prior order, the court set forth in more detail the following standards regarding equitable tolling of the federal statute of limitations. Equitable tolling is warranted only in "rare and exceptional circumstances." To qualify for such tolling,

3

petitioner must demonstrate that "extraordinary circumstances beyond his control" prevented him from filing his federal petition on time. Ignorance of the law generally, and of the AEDPA time limit in particular will not excuse untimely filing.

Unfortunately for petitioner, the court has no authority to grant an extension of the time limit set forth in the federal statute of limitations, other than to find an entitlement to equitable tolling.  The facts alleged by Mr. Jones in an effort to show such entitlement do not suggest any "rare and exceptional circumstances."  It is neither rare nor exceptional for an inmate to be placed in administrative segregation as a result of disciplinary proceedings or to be transferred to another institution.  Nor is it rare for an inmate to be subject to a rule prohibiting him from possessing staples or metal in his cell.  Petitioner does not allege that he asked to have his paperwork provided without staples, or that he informed prison officials he had a court deadline to meet and sought their assistance or accommodation.  Since petitioner was himself unaware the deadline was approaching, it is not likely he diligently made others aware and sought their cooperation in meeting that deadline.  Nor do the facts alleged by petitioner demonstrate that any "extraordinary circumstances beyond his control" prevented him from timely filing his federal Petition.  The circumstances of petitioner not having money immediately available for mailing and not turning in his papers until money was available might have been controlled by him had he been aware of the deadline and sought money for mailing sufficiently in advance to insure meeting this important deadline.  Mr. Jones states he thought he had one year to file, indicating he knew there was a deadline and that it was one year.

4

Apparently, he simply did not know when the statute of limitations began or was running.  He alleges no circumstance beyond his control that prevented him from discovering the start date and running dates of the statute of limitations in his case.  He is presumed to know the law as published in the statute of limitations, which was also printed on the forms he used to prepare his Petition.  Morever, as noted, his ignorance of the running of the statute of limitations in his case simply does not excuse his untimely filing.

The court finds that this Petition was not filed within the statute of limitations, and that petitioner has not demonstrated he is entitled to equitable tolling.  The court concludes that this action must be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred, and all relief is denied.

**IT IS SO ORDERED**.

Dated this 19th day of February, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge